HUCK, Plaintiff and Respondent, v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Defendant and Respondent: DOUGHBOY INDUSTRIES, INC., Interpleaded Defendant and Respondent: CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Interpleaded Defendant and Appellant: MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Interpleaded Defendant and Appellant.*

*April 4—May 1, 1962.*

* Motion for rehearing denied, with $25 costs, on June 29, 1962, WILKIE, J., taking no part.

For the appellant Chicago, Rock Island & Pacific Railroad Company there were briefs by *Bender, Trump, Davidson & Godfrey,* attorneys, and *Rodger S. Trump* of counsel, all of Milwaukee, and oral argument by *Rodger S. Trump.*

For the appellant Minneapolis, St. Paul & Sault Ste. Marie Railway Company there were briefs by *Reginald W. Nelson* of Milwaukee, attorney, and *Edward M. Glennon* of Minneapolis, Minnesota, of counsel, and oral argument by *Mr. Nelson.*

For the respondents there was a brief by *Wilcox & Sullivan* of Eau Claire, and *Warren Newcome* of St. Paul, Minnesota, for the Chicago, St. Paul, Minneapolis & Omaha Railway Company, and by *Stafford & Pfiffner* of Chippewa Falls, for Doughboy Industries, Inc., and oral argument by *Francis J. Wilcox* and *Robert F. Pfiffner.*

CURRIE, J. While other questions are raised by the briefs of appellants Rock Island and Soo Line, we deem the controlling issue on this appeal to be whether there is any credible evidence to support the jury's findings that appellants were negligent as to their inspection of the hand brake on the Southern car.

Two of the other questions which we find it unnecessary to resolve are: Whether Soo Line or Omaha was the delivering carrier and the other an intermediate carrier in so far as Huck was concerned; and, if Soo Line was an intermediate carrier, whether it can be held liable for injuries to Huck, as an employee of the consignee Doughboy, on the ground of negligent inspection.

In our opinion in the prior appeal of *Huck v. Chicago, St. P., M. & O. R. Co.* (1958), 5 Wis. (2d) 130, 135, 92 N. W. (2d) 352, we mistakenly stated that the parties were in agreement on the "fundamental rule of law involved," and then cited authorities holding that an intermediate carrier would not be liable to an employee of the consignee in such situation.[1] The parties actually were then, and are now, very much in disagreement as to whether this rule of law is applicable to a defect in the operating mechanism of a freight car, such as a hand brake. However, there can be no disagreement that the law imposes a duty of reasonable inspection upon an intermediate carrier with respect to employees of connecting carriers. 44 Am. Jur., Railroads, p. 595, sec. 381; 74 C. J. S., Railroads, p. 901, sec. 368; *Chicago & N. W. R. Co. v. Chicago, R. I. & P. R. Co.* (D. C. Iowa 1959), 179 Fed. Supp. 33, affirmed (8th Cir. 1960), 280 Fed. (2d) 110. In any event, if either carrier is to be held liable for contribution in the instant case, it

---

[1] Additional authorities so holding are 75 C. J. S., Railroads, p. 337, sec. 924d (2); *Watterson v. New York Central R. Co.* (6th Cir. 1956), 235 Fed. (2d) 114; *Lima v. Pennsylvania R. Co.* (D. C. Mass. 1952), 105 Fed. Supp. 97.

would have to be on the basis of failing to perform a duty of reasonable inspection.

The duty of reasonable inspection imposed upon originating and intermediate carriers is "to ascertain whether there is any *fairly obvious defect* in its construction or state of repair which constitutes a likely source of danger." (Emphasis supplied.) *Ambrose v. Western Maryland R. Co.* (1951), 368 Pa. 1, 8, 81 Atl. (2d) 895, 898. The *Ambrose Case* was cited by this court in *Bachmann v. Chicago, M., St. P. & P. R. Co.* (1954), 266 Wis. 466, 63 N. W. (2d) 824, where a defect in a car door was held to be one which the jury could find was discoverable by a reasonable inspection.

The defect in the instant hand brake consisted in wear of a shaft, bushings, and gears inclosed in a metal housing. The result of this wear was that, when the wheel was manipulated by hand to set the brake, the gears would "climb" and lock so that the brake could not be set. If the jury's finding of negligent inspection against Rock Island and Soo Line is to stand, it is conceded that it must be upon the testimony of respondents' witness La Venture. La Venture is a New Richmond mechanic of thirty years' experience, but with no prior experience with railroad hand brakes. He testified that the above-described defects were discoverable by one making an inspection of the brake mechanism, as installed on the car, in two ways: (1) By manipulating the brake wheel; and (2) by observing the play in the shaft and bushing which pierced the rear housing plate.

However, respondents concede that Rock Island's and Soo Line's inspectors had no duty to manually manipulate the wheel. This is clear from the following statement appearing at page 35 of respondents' brief:

"Again may we reiterate that we do not claim that a manual operation of the brake was required as a part of the

initial reasonable inspection. A visual inspection properly made would have disclosed, as the jury found, the wear in the shaft and bushing thereby placing the railroads on notice of the defect and requiring handling or operation. The trial court in its instruction on the duty of inspection did not intimate or suggest that such manual operation was required in order for the railroads to have exercised ordinary care in inspection. It would have been error had the trial court given the instruction requested."

Therefore, whether there was any negligence. boils down to what was observable with respect to the one bushing and shaft which were visible when looking at the rear plate of the housing. Nothing would be visible by an inspector walking along the ground, so we are only concerned with what could be seen by an inspector walking along the top of the car. The top of the brake wheel is about level with the top of the car platform on which an inspector would walk, while the top of the housing is slightly lower than this platform. Thus, the inspector would be looking down a distance of at least five feet, almost at a right angle, to view the rear housing plate surface. The photograph, Exhibit 9 (a very poor reproduction of which appears at page 350 of the appellants' appendix), indicates what is visible when so viewed. This photograph shows the open end of the bushing but not the end of the shaft. This is because the end of the shaft is recessed within the bushing. However, La Venture stated that the end of the shaft, although recessed within the bushing, was visible to a car inspector. When testifying, La Venture had a new brake assembly at hand with which to demonstrate, as well as the original brake. He measured the size of the bushing opening on both and found the new one to be under 7/8 inch in diameter and the old one over 7/8 inch in diameter. However, his measurements showed a difference of only 1/16 inch between the two. The total play due to wear of both the shaft and the bushing was between 1/8 and 1/4 inch. He testified

that viewed from the rear, the bushing *was not elongated* and that this was due to the fact that the shaft did not extend to the outer edge of the bushing. Thus, there was no wear on the outer end of the bushing.

Certainly, no light could be seen through the housing because of this worn expansion of the center of the bushing. It would be wholly unreasonable to expect a brakeman, or other inspector, walking along the top of the car and looking down almost at a right angle a distance of five feet at a 7/8-inch recessed opening to discern a play of 1/8 inch to 1/4 inch inside such opening between the bushing and shaft. Clearly this was not a "fairly obvious defect" within the rule of the *Ambrose Case*. Therefore, it is our conclusion that there is no credible evidence to support the jury's findings that Rock Island and Soo Line were negligent with respect to inspection.

However, it is not surprising that the jury made these findings. In the first place, La Venture testified, with respect to defects in the moving brake encased within the housing, that the excessive play present in the shaft and bushing was discoverable upon moving the wheel with which this brake was manipulated. Second, the trial court's instruction was couched in general language which did not caution the jury that, in answering the questions relating to negligence in inspection, no defects were to be considered which were not visible to the eye of one walking along the ground or atop the car. This last comment is not to be interpreted as a criticism of the trial court because the instructions with respect to inspection were proper as given in the absence of a request by appellants for an instruction that would have more specifically pinpointed appellants' duty in that respect.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss respondents' cross complaints against appellants.